Jose Alvaro HERNANDEZ–LOPEZ; et al., Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–75018.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 18, 2009.*

Filed March 31, 2009.

Sung Uk Park, Esquire, Los Angeles, CA, for Petitioners.

Kurt B. Larson, Esquire, Andrew C. MaClachlan, Stacy Stiffel Paddack, David V. Bernal, Assistant Director, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Lead petitioner Jose Alvaro Hernandez-Lopez and his daughter, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") removal order and denying their motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

Petitioners failed to demonstrate that the IJ did not properly consider their evidence of hardship. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process claim).

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

Petitioners' equal protection challenge is unavailing.

The evidence petitioners presented with their appeal concerned the same basic hardship grounds as were previously considered by the agency. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir. 2006). We therefore lack jurisdiction to review the BIA's discretionary determination that reopening is not warranted based on the evidence petitioners submitted. *See id.* at 600.

Petitioners' contention that the BIA denied them due process by failing to address the entirety of the evidence submitted with their appeal fails because they have not overcome the presumption that the BIA reviewed the record. *See id.* at 603.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**